Judge N.R. SMITH
concurring.
The district court did not err in refusing to dismiss the indictment or suppress Led-better’s testimony, because there was no violation of the tax practitioner privilege. Congress specified that the privilege “may only be asserted in — (A) any noncriminal *626 tax matter before the Internal Revenue Service; and (B) any noncriminal tax proceeding in Federal court brought by or against the United States.” 26 U.S.C. § 7525(a)(2) (emphases added). It is obvious that a grand jury hearing is not a matter before the Internal Revenue Service. Edwards conceded at oral argument that the grand jury hearing was not a tax proceeding in Federal court. The privilege was therefore inapplicable.
There is no reason for the court to extend a common-law privilege in this case. Congress has expressly provided that a tax practitioner-client privilege should only apply to a “noncriminal tax matter before the Internal Revenue Service” or a “noncriminal tax proceeding in Federal court.” Id.; Fed.R.Evid. 501 (“[T]he privilege of a witness ... shall be governed by the principles of the common law,” “[ejxcept as otherwise ... provided by Act of Congress.”)